**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-2016**

_____

LISA ANN MCKINLEY,

Plaintiff - Appellant,

v.

THE SALVATION ARMY,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:15-cv-00166-GEC-RSB)

_____

Submitted:  March 29, 2017                        Decided:  April 18, 2017

_____

Before TRAXLER, KING, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas E. Strelka, STRELKA LAW OFFICE, Roanoke, Virginia, for Appellant. Monica T. Monday, Paul Granger Klockenbrink, GENTRY LOCKE, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa Ann McKinley appeals the district court's judgment in favor of The Salvation Army on McKinley's gender discrimination, retaliation, and sexual harassment claims, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012).  McKinley asserts that the district court erred when it granted The Salvation Army summary judgment on her gender discrimination and retaliation claims because she claims she was constructively discharged from her employment.  McKinley also asserts that the district court committed reversible error when it admitted into evidence copies of executive meeting minutes The Salvation Army failed to disclose during discovery.  Finding no reversible error, we affirm.

We reject McKinley's assertion that the district court erred when it granted The Salvation Army summary judgment on her discrimination and retaliation claims.  We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *Seremeth v. Bd. of Cty. Comm'rs Frederick Cty.*, 673 F.3d 333, 336 (4th Cir. 2012).  In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the non-moving party.  *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011).

2

To ultimately be successful on a Title VII discrimination claim in the absence of direct evidence of discrimination, a plaintiff must establish a prima face case of discrimination under the burden-shifting framework adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Thus, McKinley was required to show that: (i) she is a member of a protected group; (ii) she suffered an adverse employment action; (iii) she was performing her job satisfactorily at the time of the adverse employment action; and (iv) similarly situated employees outside her protected class were treated more favorably. *See id.* at 802. To succeed on her retaliation claim, McKinley was required to establish: "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." *Boyer–Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (en banc) (internal quotation marks omitted).

A constructive discharge can constitute an adverse employment action under Title VII. *See, e.g., Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (recognizing that employee's act of leaving employer's employment was the only timely adverse employment action, but finding that employee failed to establish the requirements necessary for a constructive discharge claim to establish a Title VII violation). We nonetheless find that McKinley failed to establish that a genuine issue of material fact existed as to whether The Salvation Army's response to the harassment she endured was "reasonably calculated to end the intolerable working environment[,]" *see Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1133 (4th Cir. 1995), or whether McKinley's resignation "was a reasonably foreseeable consequence of [Moffitt's

3

harassment].” *See Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1356-57 (4th Cir. 1995). Accordingly, we discern no reversible error in the district court's decision to grant The Salvation Army summary judgment on McKinley's discrimination and retaliation claims.

We also reject McKinley's argument that the district court committed reversible error when it admitted into evidence copies of executive meeting minutes that The Salvation Army failed to disclose during discovery. We review a district court's decision to admit evidence for an abuse of discretion. *See United States v. Forrest*, 429 F.3d 73, 79 (4th Cir. 2005). A district court abuses its discretion if it fails or refuses to exercise discretion, or if it relies on erroneous legal or factual premises. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). “Unless justice requires otherwise,” however, “no error in admitting or excluding evidence . . . is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order” if the error “do[es] not affect [a] party's substantial rights.” *See* Fed. R. Civ. P. 61.

Even assuming, arguendo, that The Salvation Army should have disclosed copies of the executive meeting minutes during discovery, and that it was error for the district court to place the burden on McKinley by inquiring how she was harmed by the nondisclosure, *see Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001), we find that the district court's decision to admit the executive meeting minutes into evidence did not run afoul of the five factor test set forth in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Moreover, even if the district court erred in permitting introduction of the meeting minutes under

4

*Southern States*, we find that any error is harmless and, thus, does not warrant setting aside the jury's verdict and granting a retrial. *See United States v. Shannon*, 803 F.3d 778, 785 (6th Cir. 2015) (recognizing that an appellate court will not reverse "unless an error affects a substantial right—that is, if the error had a substantial and injurious effect or influence on the jury's verdict" (internal quotation marks omitted)).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*